Overton, J.
 

 delivered the following opinion of the court.
 
 *
 

 This was an action of ejectment. On the trial of which, the plaintiff, in order to enable him to read a copy of a grant, produced the following affidavit. "In this cause, John Brown maketh oath, that he is attorney in fact for the lessor of the plaintiff, and that it is out of the power of the plaintiff, to produce the original grant in this cause, under which he claims the same, being in possession of Jos. Greer, or some person, to who
 
 m
 
 said Greer has delivered it, unknown to this deponent, or said Smith ; and that said Greer claims title under said original grant, in opposition to the lessor of the plaintiff. The deponent, also states, that said grant issued to John Hacket, under whom he claims title as well as said Greer.” Signed
 

 “JOHN BROWN, Attorney
 

 In fact for John Smith.” (T)
 

 
 *209
 
 From this affidavit, it appears evidently, that neither the principal, Smith, nor his agent Brown, knew where the original grant was. Conformably to the decisions and practice i
 
 n
 
 North Carolina, before a registered copy of a grant or deed could be read in evidence, an affidavit was required, that the original was lost, or not within the power of the person offering this secondary evidence.
 

 The affidavit of an agent, in cases situated like the present, should regularly state the reason why the affidavit was not made by the principal. Caines and Coleman’s Cases Pr. 465 ; but this point has not been insisted upon in the course of me argument. It seems to have beets understood, and admitted on all hands, that Smith is a non-resident.
 

 The case of Blanton against Miller 1st Hayw 4, is relied on for the purpose of showing that no person, but the party himself, could make the affidavit. This is certainly not the law, nor is this short note of the case satisfactory, as to the particular circumstances of the case then before the court. To require affidavits from the parties themselves, in the progress of a cause, would be a great inconvenience, and not consistent with the usual occupations of mankind, beside being incompatible with the maxim, that
 
 in praeparatorus ad judicium. fardur actori,
 

 Neither from the record, nor argument at the bar, is the court called on to give an opinion on that part of the affidavit, relative to the want of a statement, showing the reason why the principal, Smith, did not make the affidavit.
 

 The law presumes, that all copies of papers, which are required to be registered, represent the originals truly. Having been registered and certified by sworn officers, this presumptive naturally arises. There is not the some necessity for strictness in relation to such copies, that there is, respecting the admission of the secondary evidence of sworn copies; and hence the departure from that strictness in the cases of Tillery’s Lessee against Simmons, and King’s Lessee against Hall. Ten. Rep.
 
 209.
 
 The reasons for this disposition in the courts are obvious. There is a degree of authenticity attached to all papers which are recorded, according to law, that could not apply to others, not thus solemnized ; but such papers are not indisputable
 
 ;
 
 the party against whom they are produced, is not concluded ; he may overturn the presumption of their correctness, by showing
 
 *210
 
 that they are not true copies of the originals, and this is far more convenient in practice, than the degree of strictness which seems to be contemplated in the case of Blanton against Miller. It is essentially requisite, that the affidavit should show, that the party wishing to avail himself of secondary evi
 
 d
 
 ence of a paper, required by law to be registered, that the original is lost, mislaid, or so out of his possession, that he cannot produce it. This is to be understood of general principles, and not with a view to grants in particular
 
 ;
 
 for it is not the intention of the court to say, that the production of the grant, (having been in the possession of the grantor or
 
 sub claimants)
 
 is better evidence than a copy from the office, in which it was originally made; that point is left undecided. In a case situated like the one before the court, where there are several purchases by distinct mesne conveyances, the law presumes the original grant to be in the hands of some one of the under purchasers, but fixes no no one particular. An affidavit by an agent, swearing, that in neither he, nor his principal had the paper, nor any such controul over it, as to enable them to produce it, is sufficient to let in the secondary evidence of a registered copy.
 

 The judgment must be reversed, and the cause remanded.
 

 *
 

 Absent White, J.